UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GARY W. ALEXANDER,<br><br>    Plaintiff,<br><br>    v.<br><br>CHASE BANK NA, *et al.*,<br><br>    Defendants. | NO. C16-26RSL<br><br>ORDER GRANTING DEFENDANTS DIVINE REALTY AND WILLIE STEWART'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) |

This matter comes before the Court on "Defendants Divine Realty and Willie Stewart's Motion to Dismiss Pursuant to FRCP 12(b)(6)." Dkt. # 14. Having reviewed the parties' briefing and the remainder of the record, the Court finds as follows.

## BACKGROUND

Plaintiff Gary Alexander filed this action on January 1, 2016. Dkt. # 1. On January 14, 2016, Alexander amended his complaint to assert claims against Divine Realty and Willie Stewart ("defendants" for the purposes of this order). Dkt. # 3. Plaintiff's claims stem from the foreclosure of real property located at 5 North Tweedt Place, Kennewick, WA 99336. Id. at 5.

The amended complaint's allegations pertaining to Divine Realty and Stewart are limited. Plaintiff alleges that Stewart is a realtor employed at Divine Realty, a real estate brokerage. Dkt. # 3 at 2-3. In support of his claim for "intimidation and harassment" against defendants, the entirety of the allegations are as follows:

Defendant STEWART is not even allowing tenants time to exercise due process.

ORDER GRANTING DIVINE REALTY
AND WILLIE STEWART'S MOTION TO DISMISS - 1

> She [is] only interested in getting the place empty so she can sell it. She has no regard for tenants whatsoever. She is [making] false claims and intimidating and harassing them. The subject property is in litigation and she must cease and desist immediately. . . . Furthermore, Defendants STEWART and DIVINE REALTY can't and will not evict tenants and she must cease and desist from telling this.

Id. 12-13 (Fourth Cause of Action). In support of his claim against defendants for intentional infliction of emotional distress, the allegations are as follows:

> Defendant is a Realtor, employed with Defendant DIVINE REALTY, who is viciously harassing tenants of the subject property. Plaintiff filed this lawsuit because property had been rescinded and there was no valid note for which Defendants CHASE and NWTS could foreclose on the property. Yet . . . still Defendant STEWART has misrepresented herself to tenants in that she is threatening to throw them out. Threatening them with eviction when she has no authority whatsoever to evict them or cause them to be evicted. Defendant STEWART's conduct is extreme and outrageous; and is the cause of the distress being experienced by Plaintiff and his tenants. Again, she is attempting to deny them due process of the law by trying to railroad [tenants] out of the subject property. . . . Plaintiff suffers severe emotional distress as a result of defendant's conduct.

Id. at 13-14 (Fifth Cause of Action).

## DISCUSSION

**A.  Motion to Dismiss Standard**

On a motion to dismiss, the question for the Court is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded allegations are presumed to be true, with all reasonable

ORDER GRANTING DIVINE REALTY
AND WILLIE STEWART'S MOTION TO DISMISS - 2

inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). Complaints by pro se plaintiffs must be construed liberally. Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011), as amended (Aug. 19, 2011). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).

**B. Evidence Considered**

On a motion to dismiss, the Court typically considers only the contents of the complaint. There are exceptions, however. The Court may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2003). The Court also may consider evidence subject to judicial notice. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).

Defendants ask the Court to consider the Declaration of Willie Stewart and the attached exhibits because they "form the basis of factual statements and allegations pled in Plaintiff's Complaint." Dkt. ## 14 at 5; 15. The declaration and exhibits are not proper to consider on a motion to dismiss, and the Court therefore has not relied upon them in making its ruling. See Marder, 450 F.3d at 448 (court may rely on a document referred to in a complaint); Ritchie, 342 F.3d at 908-09 (noting that declaration did not fall under Fed. R. Evid. 201 requirements for judicial notice and that "it would have been improper for the court to consider the declaration and exhibits . . . without converting the motion to dismiss into a motion for summary judgment and giving [appellant] an opportunity to respond").

**C. Claims Asserted on Behalf of Tenants**

Plaintiff's fourth and fifth causes of action both attempt to assert claims on behalf of tenants of 5 North Tweedt Place. See Dkt. # 3 at 12-14. Plaintiff has the burden of demonstrating that he has suffered an injury that is "(a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defs. of Wildlife, 504 U.S. 555,

ORDER GRANTING DIVINE REALTY
AND WILLIE STEWART'S MOTION TO DISMISS - 3

560 (1992) (internal citations and quotation marks omitted).  Claims asserted on behalf of third parties, such as plaintiff's claims on behalf of tenants, do not satisfy this requirement.  Plaintiff suffered no cognizable injury from the alleged harassment of the tenants.

**D. Intentional Infliction of Emotional Distress**

The complaint's fifth cause of action is for intentional infliction of emotional distress, or outrage, which requires plaintiff to prove: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." Kloepfel v. Bokor, 149 Wn.2d 192, 195 (2003) (en banc).  While it is ordinarily for the jury to determine whether conduct is sufficiently outrageous, "it is initially for the court to determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." Dicomes v. State, 113 Wn.2d 612, 630 (1989).

Here, the allegations in the complaint are insufficient to state a claim for outrage, especially as to the plaintiff, whose claim appears to be based upon the alleged treatment of tenants at 5 North Tweedt Place.  See Vawter v. Quality Loan Serv. Corp. of Washington, 707 F. Supp. 2d 1115, 1128 (W.D. Wash. 2010) (dismissing claim for intentional infliction of emotional distress where defendants' alleged acts did "not involve physical threats, emotional abuse, or other personal indignities aimed at" the plaintiffs).  Moreover, plaintiff has not alleged that he was present when the allegedly outrageous conduct occurred, as is required to sustain a claim for intentional infliction of emotional distress. Reid v. Pierce Cty., 136 Wn.2d 195, 203 (1998).

## CONCLUSION

For the foregoing reasons, defendants Divine Realty and Willie Stewart's motion to dismiss (Dkt. # 14) is GRANTED.

//

//

//

ORDER GRANTING DIVINE REALTY
AND WILLIE STEWART'S MOTION TO DISMISS - 4

DATED this 26th day of April, 2016.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DIVINE REALTY
AND WILLIE STEWART'S MOTION TO DISMISS - 5